

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA
### PHILADELPHIA DIVISION

JUAN C. VASQUEZ, Individually and on Behalf of Others Similarly Situated,

v.

CDI CORPORATION

Case No.: 20-cv-1044

Jury Trial Demanded

FILED
FEB 24 2020
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## ORIGINAL COMPLAINT

### SUMMARY

1. CDI Corporation (CDI) does not pay its hourly employees overtime as required by the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* (FLSA).

2. Instead, CDI pays its hourly employees the same hourly rate for all hours worked in a workweek, including those in excess of 40 in a workweek (straight-time-for-overtime).

3. CDI'Ss straight-time-for-overtime pay plan violates the FLSA because hourly employees are owed overtime for hours worked in excess of 40 in a week at the rate of one-and-one-half times their regular rates.

4. Juan C. Vasquez (Vasquez) brings this action to recover the unpaid overtime and other damages owed to him and the other employees to whom CDI paid straight-time-for-overtime.

### JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under a federal statute. 29 U.S.C. § 216(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the acts and omissions Vasquez complains of occurred in this District and Division.



FEB 24 2020

## PARTIES

7. Vasquez worked for CDI as a Field Engineer within the last 3 years.

8. Throughout his employment, CDI paid Vasquez the same hourly rate for all the hours he worked including those in excess of 40 in a workweek.

9. Vasquez's consent to be party plaintiff is attached.

10. Vasquez brings this FLSA collective action on behalf of himself and all other of CDI'Ss employees who were paid according to CDI'S straight-time-for-overtime pay plan.

11. The FLSA collective group of employees Vasquez seeks to represent consists of:

**All hourly employees employed by CDI in the U.S. and who were paid according to CDI'S straight-time-for-overtime pay plan at any time during the last 3 years** (the Straight-Time Workers).

12. CDI is a Pennsylvania corporation with its headquarters in Philadelphia, Pennsylvania.

13. CDI's registered business address is 1735 Market Street, Suite 200, Philadelphia, Pennsylvania, 19103.

## FLSA COVERAGE

14. For at least the past 3 years, CDI has been an employer within the meaning of section 3(d) of the FLSA. 29 U.S.C. § 203(d).

15. For at least the past 3 years, CDI has been part of an enterprise within the meaning of section 3(r) of the FLSA. 29 U.S.C. § 203(r).

16. For at least the past 3 years, CDI has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

17. CDI has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including

smart phones/devices, computers, office equipment, vehicles, etc.) that have been moved in or produced for commerce.

18. Further, CDI's annual gross volume of sales has well exceeded $1,000,000 for at least the past 3 years.

19. For at least the past 3 years, Vasquez and the Straight-Time Workers were engaged in commerce or in the production of goods for commerce or were employees who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce by any person.

20. CDI treated all the Straight-Time Workers (including Vasquez) as employees by setting their work schedules, controlling their job assignments, withholding taxes from their pay, and maintaining their personnel records.

## FACTS

21. CDI provides integrated engineering, design, architecture, and project support services to the energy, chemicals, and infrastructure markets.[1]

22. Vasquez and the Straight-Time Workers are among the employees who perform the various engineering, project management, and support services for and on behalf of CDI.

23. CDI'S Straight-Time Workers, including Vasquez, typically worked more, indeed often substantially more, than 40 hours a week.

24. CDI paid all its Straight-Time Workers pursuant to its straight-time-for-overtime pay plan.

25. In August of 2018 Vasquez began work for CDI in Billings, Montana and continued to work there for CDI through January 2019.

---

[1] https://www.cdiengineeringsolutions.com/

26. Vasquez worked as a Field Engineer and was responsible for ordering and ensuring the proper materials for CDI's projects.

27. CDI'S records reflect the hours Vasquez worked each workweek and pay period.

28. CDI paid Vasquez an hourly rate for all the hours he worked, including those in excess of 40 in a week.

29. CDI did not guarantee Vasquez a minimum salary per week.

30. Although he often worked well over 40 hours per workweek, CDI never paid Vasquez proper overtime but, rather, paid him straight-time-for-overtime.

31. All of CDI'S Straight-Time Workers perform or performed duties similar to those Vasquez performed like providing engineering, project management, and support services to and on behalf of CDI.

32. The Straight-Time Workers worked similar hours and were denied overtime as a result of the same illegal straight-time-for-overtime pay practice.

33. All of CDI'S Straight-Time Workers regularly worked in excess of 40 hours in a workweek.

34. Instead of paying the Straight-Time Workers overtime, CDI paid them only their regular hourly rates for all their working hours including those in excess of 40 in a workweek.

35. As a result, CDI failed to pay the Straight-Time Workers proper overtime compensation for hours worked in excess of 40 in a workweek.

## FLSA VIOLATIONS

36. Vasquez incorporates all preceding paragraphs.

37. CDI'S straight-time-for-overtime pay plan violates the FLSA because Vasquez and the other Straight-Time Workers did not receive overtime pay for hours worked over 40 in a week at the rate of 1.5 times their regular hourly rates of pay.

38. CDI knew, or showed reckless disregard for whether, its straight-time-for-overtime pay plan violated the FLSA.

39. CDI'S failure to pay proper overtime compensation to the Straight-Time Workers was not based on any reasonable interpretation of the law.

40. Nor was CDI'S decision not to pay proper overtime made in good faith.

41. Accordingly, Vasquez and the Straight-Time Workers are entitled to recover their unpaid overtime under the FLSA, liquidated damages, attorney's fees, and costs.

### COLLECTIVE AND CLASS ACTION ALLEGATIONS

42. Vasquez incorporates all preceding paragraphs.

43. Numerous employees have been denied overtime by CDI's straight-time-for-overtime pay plan which is in willful violation of the FLSA.

44. Numerous other individuals who worked with Vasquez indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by the FLSA.

45. From his observations and experience working for CDI, Vasquez is aware that CDI's illegal practices or policies have been imposed on the Straight-Time Workers.

46. The Straight-Time Workers all regularly worked in excess of 40 hours per week and received only their regular hourly rates for all hours worked.

47. These Straight-Time Workers are similarly situated to Vasquez in terms of *relevant* job duties, pay provisions, and employment practices.

48. CDI's failure to pay overtime as required by the FLSA results from a generally applicable, systematic pay plan that is not dependent on the personal circumstances of the Straight-Time Workers.

49. Thus, Vasquez's experiences are typical of the experiences of the Straight-Time Workers.

50. The specific job titles or precise job locations of the various Straight-Time Workers do not prevent collective treatment.

51. All Straight-Time Workers, regardless of their precise job requirements or rates of pay, are entitled to overtime for hours worked in excess of 40 in a week.

52. Vasquez has no interests contrary to, or in conflict with, the Straight-Time Workers.

53. Like each Straight-Time Worker, Vasquez has an interest in obtaining the unpaid overtime wages and other damages owed to him under federal law.

54. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

55. Absent this collective action, many Straight-Time Workers likely will not obtain redress of their injuries and CDI will reap the unjust benefits of violating the FLSA.

56. Furthermore, even if some of the Straight-Time Workers could afford individual litigation against CDI, it would be unduly burdensome to the judicial system.

57. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts.

58. Therefore, this issue does not preclude collective action treatment.

### JURY DEMAND

59. Vasquez demands a trial by jury.

### RELIEF SOUGHT

60. Wherefore, Vasquez prays for:

    (a) an order allowing his claims to proceed as a FLSA collective action and directing notice to the other Straight-Time Workers;

    (b) judgment finding CDI in violation of the FLSA;

(c)  judgment finding CDI liable to Vasquez and the Straight-Time Workers for unpaid overtime and an equal amount of liquidated damages;

(d)  judgment awarding Vasquez and the Straight-Time Workers reasonable attorneys' fees, costs, and expenses;

(e)  judgment awarding Vasquez and the Straight-Time Workers pre- and post-judgment interest at the highest rates allowed by law; and

(f)  such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: _____
Thomas N. Sweeney
ID # 84192
**MESSA & ASSOCIATES, P.C.**
123 S. 22nd Street
Philadelphia, PA 19103
215-568-3500 – Telephone
215-578-3501 – Facsimile
tsweeney@messalaw.com
**ATTORNEYS FOR PLAINTIFFS**

*/s/ Richard J. (Rex) Burch*

By: _____

**Richard J. (Rex) Burch**
Fed. I.D. No.: 21615
Texas Bar No.: 24001807
**Michael K. Burke**
Fed. I.D. No.: 24356
Texas Bar No.: 24012359
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com
mburke@brucknerburch.com

Michael A. Josephson
Fed. I.D. No.: 27157
Texas Bar No. 24014780
**Taylor A. Jones**
Fed. I.D. No.: 3348814
Texas Bar No.: 24107823
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
tjones@mybackwages.com
**TO BE ADMITTED PRO HAC VICE**

---

### FAIR LABOR STANDARDS ACT EMPLOYMENT SERVICES CONSENT

Print Name: Juan C Vasquez

1. I hereby consent to make a claim against _____ to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I designate the law firm and attorneys at JOSEPHSON DUNLAP, LLP and BRUCKNER BURCH PLLC as my attorneys to prosecute and make decisions concerning my wage claims, the manner and method of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

3. I authorize the law firm and attorneys at JOSEPHSON DUNLAP, LLP and BRUCKNER BURCH PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against _____.

4. I understand that, by filing this Consent Form, I will be bound by the Judgment of the Court or arbitrator on all issues in this case.

Signature: Juan C Vasquez (Jan 30, 2020)           Date Signed: Jan 30, 2020

- - - - - - - - - - - - - - - - - - - - - - - - -