**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JUAN C. VASQUEZ, Individually and on | : | |
| Behalf of Others Similarly Situated, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CDI CORPORATION, | : | No. 20-1044 |
| Defendant. | : | |

<u>**MEMORANDUM OPINION**</u>

**TIMOTHY R. RICE**                                                              **December 7, 2020**
**U.S. MAGISTRATE JUDGE**

Plaintiff Juan Vasquez moves to conditionally certify this matter as a FLSA collective

action and notify CDI employees who were paid the same hourly rate for all hours worked,

including those in excess of 40 in a single workweek, at any time in the past three years.  <u>See</u>

Mot. (doc. 20).  For the following reasons, I grant the motion.

I.       Factual Background

CDI provides engineering, architectural, and design support to the energy and chemical

industries.  Compl. (doc. 1) ¶ 21.  From August 2018 to January 2019, Vasquez worked for CDI

as a field engineer in Billings, Montana.  Vasquez Decl. ¶¶ 3-4.  Vasquez alleges CDI told him

he would be paid hourly and his time sheets reflect hourly compensation.  <u>Id.</u> ¶ 6.  He asserts he

worked 70-80 hours per week on average and reported those hours on his payroll records.  <u>Id.</u> ¶

10.  CDI paid Vasquez at the same hourly rate for all hours worked, including those over 40 in a

single workweek.  Resp. (doc. 22), Ex. 4.

The Complaint alleges CDI is subject to the FLSA and controlled the terms of

employment for its straight-time employees, including Vasquez.  Compl. ¶¶ 14-20.  Vasquez

argues the FLSA requires employers to pay employees one-and-a-half times their regular rates for hours worked in excess of 40 in a single workweek.  Id. ¶ 3.  Vasquez asserts CDI violated the FLSA with its straight-time-for-overtime pay plan.  Id.  On behalf of "all hourly employees employed by CDI in the United States who were paid according to CDI's straight-time-for-overtime pay plan" during the last three years, Vasquez seeks to prosecute this matter as a collective action pursuant to 29 U.S.C. § 216(b).  Id. ¶ 60.

II.     Legal Standard

29 U.S.C. § 216(b) governs FLSA collective actions, providing an opt-in procedure for adding plaintiffs to the litigation.  Id.  Plaintiffs can opt-in a collective action if they are "similarly situated" and give written consent.  Id.; Harrison v. DelGuerico's Wrecking & Salvage, Inc., 305 F.R.D. 85, 87 (E.D. Pa. 2015).

I must examine two factors before certifying a collective action pursuant to 29 U.S.C. § 216(b).  Zavala v. Wal-Mart Stores Inc., 691 F.3d 527, 535-36 (3d Cir. 2012).  First, I must determine "whether the employees enumerated in the complaint can be provisionally categorized as similarly situated to the named plaintiff."  Symczyk v. Genesis HealthCare Corp., 656 F.3d 189, 192 (3d Cir. 2011).  If the plaintiff meets that burden, I must "'conditionally certify' the collective action for the purposes of notice and pretrial discovery."  Id.  A conditional certification gives me discretion "to facilitate the sending of notice to potential class members, and is neither necessary nor sufficient for the existence of a representative action under [the] FLSA."  Zavala, 656 F.3d at 193.  After discovery, I must then decide whether each opted-in plaintiff is similarly situated to the named plaintiff.  Symczyk, 656 F.3d at 193.  Only then may the case proceed as a collective action to trial.  Id.

2

The standard for conditional certification is "fairly lenient."  Zavala, 691 F.3d at 535.

The plaintiff must merely "make a modest factual showing that the similarly situated

requirement is satisfied."  Rocha v. Gateway Funding Diversified Mortgage Services, L.P., No.

15-482, 2016 WL 3077936, at *3 (E.D. Pa. Jun. 1, 2016); see Bramble v. Wal-Mart Stores, No.

09-4932, 2011 WL 1389510, at * 4 (E.D. Pa. Apr. 12, 2011) (when class discovery has

commenced, plaintiffs must support their motion for conditional class certification with a

"modest factual showing").  Without evaluating the case's merits, I merely determine whether

the "proposed class consists of similarly situated employees who were collectively the victims of

a single decision, policy, or plan."  Rocha, 2016 WL 3077936, at *3.  Vasquez must produce

evidence "of a factual nexus between the manner in which the employer's alleged policy affected

[him] and the manner in which it affected other employees."  Id. (quoting Harrison, 305 F.R.D.

at 88).

III.    Discussion

The FLSA requires employers to pay time and one-half of hourly wages to non-exempt

employees for every hour worked over 40 in a workweek.  29 U.S.C. §§ 206, 207.  Vasquez

claims CDI violated that mandate.

A.  Modest Factual Showing

Vasquez asserts he has established that there are similarly situated opt-in plaintiffs.

Because there is no statutory definition of "similarly situated," I must examine pleadings and

affidavits of the parties to decide whether the proposed class members are similarly situated."

Bishop v. A.T. & T Corp., 256 F.R.D. 503, 506 (W.D. Pa. 2009).

Vasquez submits the following evidence: (1) declarations from five CDI employees

stating that CDI paid them the same hourly rate for hours worked over 40 per week, and that they

knew of other hourly employees subject to the same practice; (2) CDI's 2016 and 2017 letters to Dustin Null and Todd Orcutt, providing their weekly salaries and stating that they would be paid the same the same hourly rate for all work over 40 hours; (3) CDI's 2015 letter to John Frazer, informing him he is no longer non-exempt under the FLSA; (4) 2012 and 2013 Compensation Change Forms for Frazer, noting his hourly pay rate; (5) CDI's 2017 e-mail to Sean Larson, notifying him he is no longer non-exempt under the FLSA; and (6) 2017 and 2019 Paystubs for Null, Orcutt, and Frazer showing CDI paid them straight-time for their work over 40 hours. Mot., Exs. 1-15.

Vasquez, Orcutt, Frazer, Larson, and Null report they worked more than 40 hours per week on average, but CDI did not pay them overtime wages.  Vasquez Decl.¶¶ 7-10; Orcutt Decl. ¶¶ 7-10; Frazer Decl. ¶¶ 7-10; Larson Decl. ¶¶ 7-10; Null Decl. ¶¶ 7-9.  They also identified other CDI employees who were not paid overtime wages for hours more than 40 per week.  Vasquez Decl.¶ 11; Orcutt Decl. ¶ 11; Frazer Decl. ¶ 11; Null Decl. ¶ 11.  Vasquez, Orcutt, Frazer, Larson, and Null declared they learned of other employees subject to the same straight-time-for-overtime pay practice from conversations with colleagues and by reviewing the company's software, paystubs, and payroll practices.  Vasquez Decl.¶¶ 11-12; Orcutt Decl. ¶¶ 11-12; Frazer Decl. ¶¶ 11-12; Larson Decl. ¶¶ 11-12; Null Decl. ¶¶ 10-11.

Vasquez's evidence establishes that there are individuals similarly situated to him.  He provided "some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected [them] and the manner in which it affected other employees," satisfying his burden at this stage and warranting conditional class certification. Charles v. Progressions Behavioral Health Services, Inc., No. 17-2439, 2018 WL 4924169, at *4 (E.D. Pa. Oct. 9, 2018) (quoting Sawyer v. Health Care Solutions at Home, Inc., No. 16-5674,

2018 WL 1959632, at *3 (E.D. Pa. Apr. 25, 2018)).  I grant conditional class certification and find CDI's arguments meritless for the following reasons.

      B.  CDI's Arguments

      CDI opposes Vasquez's motion on the following grounds: 1) Vasquez mischaracterized the record; 2) potential plaintiffs were FLSA-exempt; 3) Vasquez failed to allege he is similarly situated to other class members; 4) Vasquez "did not show that a group exists of employees who were misclassified as exempt;" and 5) the proposed notice is "misleading and self-serving."  See Resp.

      1.  Mischaracterization of the Record

      CDI argues Vasquez mischaracterized the record because Vasquez and the potential opt-in plaintiffs are salaried employees, not hourly-paid.  See Resp. at 14-17.  CDI relies on Vasquez's exhibits which label the employees' compensation as weekly salary.  See Mot., Exs. 6, 8 ("salary will be $3400.00 per week…[a]ll hours worked over 40 per work week will be paid at $85.00 per hour"); Ex. 7 ("weekly salary of $3400.00/week (based on $85.00 per hour)"); Ex. 9 ("[Frazer] will be paid a salary rate of $1,280 per week"); Ex. 12 ("[Larson] will be paid a full week's salary even if [he] works less than 40 hours").  It also cites FLSA regulations which allow salaried employees to be compensated for overtime at any rate, including a "straight-time" rate.  Resp. at 18 (citing 29 C.F.R. § 541.604).  CDI's arguments are irrelevant at this stage of the inquiry.[1]

---

[1]      Whether Vasquez was properly deemed a salaried employee warrants multiple factual determinations that are inappropriate at this juncture.  For example, Vasquez argues he was improperly categorized as a salaried employee based in part on the September 14, 2018 pay period, where CDI paid him for only twelve hours of work.  CDI argues it paid him in accordance with 29 C.F.R. § 541.602(b)(1), resp. at 5, which allows a deduction of payment when salaried employees are absent from work for personal reasons other than sickness or disability.  29 C.F.R. § 541.602(b)(1).  The regulation, however, allows only full-day deductions,

Whether Vasquez and other employees mischaracterized their compensation relates to the merits of this case.  I may not  analyze a case's merits at this stage of class certification where the only issue is class notice.  Jordan v. Meridan Bank, No. 17-5251, 2019 WL 1255067, at *11 (E.D. Pa. Mar. 19, 2019); Resch v. Krapf's Coaches, Inc., No. 03-2420, 2012 WL 2500623, at *3 (E.D. Pa. Jun. 29, 2012); see Outlaw v. Secure Health L.P., No. 11-602, 2012 WL 3150582, at *3 (E.D. Pa. Aug. 2, 2012) ("courts that apply the [modest factual showing] standard are… careful not to delve into the merits of the case"); see also Goldstein v. Children's Hosp. of Philadelphia, 10-1190, 2013 WL 664174, at *5 (E.D. Pa. Feb. 25, 2013) (because a motion for conditional class certification is neither a motion to dismiss nor for summary judgment, the court only focuses on the similarity of circumstances of the plaintiffs).  Because CDI's argument requires me "evaluate the credibility of [the Declarants] or the merits of their claims, it is more properly considered at the second stage of the certification inquiry or on a motion for summary judgment." Jordan, 2019 WL 1255067, at *11 (quoting Viscomi v. Clubhouse Diner, No. 13-4720, 2016 WL 1255713, at *5 (E.D. Pa. Mar. 31, 2016)).

  2.   Exemption

CDI contends that Vasquez, Null, Orcutt, Frazer, and Larson were FLSA-exempt salaried employees and also were subject to the FLSA's highly compensated employee ("HCE") exemption.  See Resp., Ex. 2 ("salary will be $2000.00 per week."); Ex. 3 ("[a]s a salaried employee, [CDI is] required to document any occurrence that you have worked less than 40 hours in a week"); Exs. 6, 8 ("salary will be $3400.00 per week"); Ex. 7 (after a pay raise, Null was "guaranteed a 40-hour work week, no partial day deductions, and deductions for full eight

---

and the parties further dispute whether Vasquez only worked twelve hours that week so he could visit his wife or because "they encouraged all employees to take some time off" and his wife had surgery.  Resp., Ex. 3.

hours only at employee's request."); Ex. 9 (Frazer "will be paid a salary rate of $1,280 per week."); ex. 12 (CDI informing Larson his work status will change from non-exempt to salaried exempt).

The "exempt status defense is typically heard at the second stage of certification where a full factual record has been developed." White v. Rick Bus Co., 743 F. Supp. 2d 380, n.12 (D.N.J. 2010) (citing Stillman v. Staples, Inc., No. 07-849, 2008 WL 1843998, at *4 (D.N.J. Apr. 22, 2008)).  Although CDI relies on Morisky v. Public Serv. Electric & Gas Co., 111 F. Supp. 2d 493 (D.N.J. 2000), to justify its claim, Morisky addresses the issue at a stage "clearly beyond the first tier of [class certification] analysis."  See id., at 497.  Similarly, its reliance on In re Morgan Stanley Smith Barney LLC Wage & Hour Litigation, No. 11-3121, 2016 WL 1407743 (D.N.J. Apr. 11, 2016), is misplaced because that case featured  a "record significantly developed by the class discovery process" including multiple depositions.  Id. at *8.  CDI's other authority involved cases on appeal from summary judgment.  See Hewitt v. Helix Energy Sols. Grp., Inc., 956 F.3d 341, 343 (5th Cir. 2020); Smith v. Johnson & Johnson, 593 F.3d 280 (3d Cir. 2010); Smith v. Ochsner Health Sys., 956 F.3d 681 (5th Cir. 2020).

Inquiry into the exempt status of CDI's employees is not appropriate when deciding a motion for conditional class certification in a case with limited class discovery.  See Goldstein, 2013 WL 664174, at *5 (allowing conditional class certification of all uniformed employees without addressing merits of contention that employees should be compensated for time spent laundering their uniforms).

3.   Similarly Situated

CDI argues Vasquez and the opt-in plaintiffs are not similarly situated.  This involves a fact-intensive review of several factors: 1) whether the plaintiffs are employed in the same

department; 2) whether they seek substantially the same relief; and 3) whether their compensation and circumstances of employment are similar.  Zavala, 691 F.3d at 536-37. Vasquez has made a "modest factual showing" that he and the potential opt-in plaintiffs are similarly situated for the reasons explained above.

CDI relies on Federman v. Bank of America, N.A., No. 14-441, 2016 WL 309063 (Dec. 16, 2014), where the court denied a motion for conditional class certification because plaintiff failed to demonstrate an unlawful nationwide policy or a factual nexus between him and similarly situated contractors.  Id. at *13.  Federman supported his motion with declarations by him and one other employee,  id. at *9, but the court found that defendants had a proper compensation policy that its supervisory employees in one location had failed to follow.  Id. at *13.

Vasquez proffers more evidence than Federman.  Whereas Federman attached two declarations from employees who performed the same role in the same location, Vasquez relies on five declarations from CDI employees with different roles in different job sites.  See Mot., Exs. 1-5, Vasquez Decl. (Field Engineer in Billings, MT); Orcutt Decl. (Completions Coordinator in Mount Belvieu, TX); Frazer Decl. (Civil Engineer in Charleston, WV); Larson Decl. (Mechanical Engineer and Project Manager in Arizona); Null Decl. (Completions Manager in Baytown, TX).  Federman's two declarations showed only a supervisory oversight in one location.  Here, considering the number of declarants, and the averment that they were all subject to the same straight-time compensation practice, Vasquez sufficiently pleads an unlawful nationwide policy and a factual nexus with other employees.[2]

_____

[2]     Although Vasquez and the potential opt-in plaintiffs held different positions in different venues, it does not preclude conditional class certification because he proffered sufficient evidence that they were all subject to the same payment policy.  See Outlaw, 2012 WL 3150582,

4.   Group of Employees Misclassified as Exempt

CDI also argues that Vasquez's claim fails to identify a class of employees that CDI allegedly mischaracterized as FLSA-exempt.

CDI relies on Morisky, in which the court denied conditional class certification because the plaintiff made "no showing that the job responsibilities of the named plaintiffs are the same or similar to those of the remaining members of the proposed class, or that the opt-in plaintiffs could properly be classified as non-exempt employees."  111 F. Supp. 2d at 498.  Morisky, however, was decided when the case "was clearly beyond [the notice stage of class certification], as over 100 potential plaintiffs [had] already opted into [the] lawsuit," allowing the court to "apply a stricter standard in its analysis."  Id. at 497-98.  It is inapplicable here.  Bowser v. Empyrean Services, LLC, 324 F.R.D. 346, 352 (W.D. Pa. 2018).  I will perform an inquiry into any alleged dissimilar job functions among plaintiffs after discovery concludes.  Bishop, 256 F.R.D. at 509.

5.   Notification Methods and Procedures

CDI also contests the methods and procedures by which Vasquez wishes to notify potential opt-in plaintiffs of the lawsuit.  It argues that first-class mail is an appropriate method of serving notice, text messaging notice is improper, the time for opting-in should be 45 days, and Vasquez's proposed notice is objectionable.  Resp. at 27-28 (citing cases outside the Third Circuit).  I must monitor the distribution of notice to ensure it is "timely, accurate, and informative."  Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 172 (1989).  Contrary to

---

at *6 ("plaintiff does not need to prove an absolute uniformity of facts with every putative class member to satisfy the lenient standard for conditional certification"); Taylor v. Pittsburgh Mercy Health Sys., No. 09-377, 2009 WL 2003354, at *3 (W.D. Pa. Jul. 7, 2009) (allowing conditional class certification of employees working in different departments); Bishop, 256 F.R.D. at 508-09 (allowing conditional class certification of employees working in different locations).

CDI's cited cases, this district permits notification by e-mail and text message.  See Belt v. P.F. Chang's China Bistro, Inc., No. 18-3831, 2020 WL 3829026 (E.D. Pa. Jul. 8, 2020) (allowing notification via e-mail and text message, as well as electronic reminder letters to class members who have not yet joined the claim).  In Belt, the court found e-mail and text messaging notification to be timely, accurate, and informative considering people frequently change addresses but retain e-mail addresses and phone numbers.  Id. at *9.  I agree.

CDI contends a sixty-day opt-in period is unreasonable and that a 45-day opt-in period "is more reasonable."  Resp. at 29.  I find the sixty-day opt-in period constitutes a timely, accurate, and informative notification.  See Belt, 2020 WL 3829026, at *9 ("a sixty-day opt-in period is reasonable"); Pearsall-Dineen v. Freedom Mortg. Corp., 27 F. Supp. 3d 567 (D.N.J. 2014); Kuznetsyov v. West Penn Allegheny Health System, Inc., No. 09-379, 2009 WL 1515175 (W.D. Pa. Jun. 1, 2009).[3]

An appropriate Order accompanies this Opinion.

---

[3] CDI also contends that the proposed notice is "misleading and self-serving."  Resp. at 29.  I disagree.  The proposed notice reflects the Complaint's allegations and is suitable for dissemination.