IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN C. VASQUEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CDI CORPORATION,<br><br>Defendant. | Civil Action No. 2:20-CV-01044-TR |

**ORDER**

AND NOW, on November 2, 2021, having reviewed Plaintiffs' unopposed motion for approval of a collective action settlement (doc. 43), IT IS ORDERED that:

1.  Plaintiffs filed this collective action in February 2020, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") by Defendant for failure to pay overtime wages. See Compl. (doc. 1). Following the exchange of documents and information related to Plaintiffs' employment with Defendant and lengthy negotiations supervised by the Court, the parties wish to settle all claims and dismiss the case with prejudice.

2.  I may approve the parties' proposed settlement if I determine that the settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." In re Chickie's & Pete's Wage and Hour Litig., No. 12-6820, 2014 WL 911718, at *2 (E.D. Pa. Mar. 7, 2014) (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982)). I consider the following nine factors: "(1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) stage of the proceedings and the amount of discovery completed; (4) risks of establishing liability; (5) risk of establishing

1

damages; (6) risk of maintaining the class action through the trial; (7) ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation." Girsh v. Jepson, 521 F.2d 153, 157 (3d Cir. 1975).

3. Having reviewed the proposed settlement agreement, Exhibit 1 (doc. 43-2), I find that the terms are fair and reasonable. This complex case involved negotiations by competent, accomplished counsel who strongly advocated for their clients' positions during supervised settlement negotiations. Mot. 5-9. The parties sufficiently exchanged documents and information to allow them to assess their claims and defenses. Id. at 9. Further litigation, which would include additional discovery, dispositive motions, and a trial if such motions are denied, would be expensive and carry substantial risk for both sides in terms of liability as well as the amount of damages. Id. at 6. Finally, the agreement does not impermissibly frustrate the implementation of the FLSA in the workplace; the settlement agreement – which contains no confidentiality provision – is "available to all as part of the public record" and does not prevent parties from publicly discussing its terms. In re Chickie's & Pete's Wage and Hour Litig., 2014 WL 911718 at *3.

4. I authorize a 35% fee of the Gross Settlement Amount ($397,500). Mot. 10-14; see In re Diet Drugs Prod. Liab. Litig., 582 F.3d 524, 540 (3d Cir. 2009); In re AT&T Corp. Sec. Litig., 455 F.3d 160, 164 (3d Cir. 2006); Rouse v. Comcast Corp., No. 14-1115, 2015 WL 1725721, at *11-14 (E.D. Pa. Apr. 15, 2015). The request for a 40% fee is DENIED.

5. I authorize payment of all Litigation Costs ($11,708.18). Mot. 15; Decl. of Michael A. Josephson (doc. 43-3) ¶ 33; see Rouse, 2015 WL 1725721, at *14.

6.      Since unclaimed settlement proceeds will revert to the Defendant if a settlement check is not cashed within 180 days (see Ex. 1, ¶ 8), Plaintiffs' counsel is directed to send a reminder notice, and if necessary, a replacement check, if the initial settlement payment check is not negotiated within 90 days.  Defendant is directed to cooperate with Plaintiffs' counsel in tracking or locating Plaintiffs who do not receive their checks or who cannot be located.

7.      I approve the Service Award ($5,000) as fair and reasonable.  See Mejia v. KVK-Tech, Inc., No. 19-4841, 2020 WL 5292074, at *3 (E.D. Pa. Sept. 4, 2020).

8.      Consistent with the modifications made in this order, to which the parties have agreed without requesting a hearing, the settlement is approved.  Accordingly, Plaintiffs' unopposed motion for approval of a collective action settlement is GRANTED.

9.      This case is DISMISSED with prejudice pursuant to Rule 41.1(b) of the Local Rules of Civil Procedure of this Court, and the Clerk of Court shall mark this case closed.

10.      The Court retains jurisdiction to enforce the terms of the settlement agreement.

BY THE COURT:

   /s/ Timothy R. Rice
TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE